IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN G. WESTINE, Inmate #93555-012, )<br>)<br>        Petitioner,              )<br>)<br>vs.                                         )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>ROBERT McFADDEN, and WARDEN )<br>USP-MARION,                   )<br>)<br>        Respondent.             ) | CIVIL NO. 06-278-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, seeking transfer to another facility in California so that he might participate in the Bureau of Prisons's 500-hour drug treatment program. Plaintiff states that upon successful completion of the 500-hour drug treatment program, he would be eligible for a one-year credit to his sentence.

      This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that

Petitioner is not entitled to relief, and the petition must be dismissed.

Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973).  The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir.1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir.1991).

> If the prisoner is seeking what can be fairly described as a quantum change in the level of custody--whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, ... then habeas corpus is his remedy. ***But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative he seeks.***

*Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005) (emphasis added), *citing Broglin*, 922 F.2d at 381.

Because Plaintiff is seeking a different program, location, and environment, this action is a challenge to the conditions of his confinement, and must be brought under federal civil rights law. He has no remedy under 28 U.S.C. § 2241.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996).  *See generally* 28 U.S.C. § 1915.  Furthermore, and more importantly, it would be inappropriate to construe this petition as a civil rights action because both the United States Court of Appeals for the Seventh Circuit (*see Westine v. United States*, Case Nos. 01-3780, 01-3793, 01-4106 (7th Cir., filed October 22, October

23, and November 29, 2001)) and by this Court (*see Westine v. United States*, Case No. 02-137-GPM (S.D. Illinois, filed February 22, 2002)) have entered orders sanctioning Petitioner $1,000 and $5,000, respectively, and ordering that until the fines are paid, any papers submitted by Petitioner or on his behalf be returned to him unfiled, with the exception of criminal cases and habeas corpus applications not collaterally attacking his conviction in the Southern District of Ohio.  There is no indication that either of these fines have been paid.  Therefore Petitioner is barred from filing this claim as a civil rights action.  Petitioner's attempt at characterizing this action as a permissible petition for habeas corpus falls flat; Petitioner will not be allowed to easily bypass the filing bar.

Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 14th day of April, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**